**SHAMIS & GENTILE, P.A.**
Katherine S. Phillips (SBN: 354048)
kphillips@shamisgentile.com
1925 Century Park East, Ste. 1700
Los Angeles, CA 90067
Telephone: (305) 479-2299

**EDELSBERG LAW, P.A.**
Scott A. Edelsberg (SBN: 330090)
scott@edelsberglaw.com
Gabriel Mandler**
gabriel@edelsberglaw.com
1925 Century Park East, Ste. 1700
Los Angeles, CA 90067
Telephone: (305) 975-3320

***pro hac vice application forthcoming*

*Attorneys for Plaintiff Victor Avalos and the Putative Classes*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| Victor Avalos, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Luthman Backlund Foods USA Inc.,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Victor Avalos ("Plaintiff"), on behalf of himself and all others similarly situated, brings this class action against Defendant Luthman Backlund Foods USA Inc. ("Defendant") based upon personal knowledge as to himself, and upon information, investigation and belief of his counsel.

## JURISDICTION

1. This Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) in that: (1) this is a class action involving more than 100 Class members; (2) the parties are minimally diverse, as at least one member of the proposed Class(es) is a citizen of a state different than Defendant's state of citizenship; and (3) the amount in controversy is in excess of $5,000,000, exclusive of interest and costs.

2. This Court has personal jurisdiction over Defendant because it conducts and transacts substantial business in California, and intentionally and purposefully placed the Products into the stream of commerce within California.

## VENUE

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District. Namely, Plaintiff purchased one of the Products in this District. Intradistrict venue is proper in the Sacramento Division pursuant to Local Rule 120(d) because Plaintiff's claims arise in San Joaquin County, California.

## INTRODUCTION

4. This class action seeks to challenge Defendant's false and deceptive practices in the marketing and sale of several of its products, which are marketed as free of added sugar.

5. Specifically, Defendant has sold and marketed the Products (fully defined in paragraph 12, below) as containing "no added sugar" (the "No Added Sugar Representation"), representing to consumers that its Products are free of added sugar.

6. Despite the No Added Sugar Representation, and unbeknownst to consumers, Defendant adds sugar to the Products during processing in the form of allulose.

7. Plaintiff and other consumers purchased the Products and paid a premium price based upon their reliance on the No Added Sugar Representation. Had Plaintiff and other consumers been aware that the No Added Sugar Representation was false, they would not have purchased the Products

or would have paid significantly less for them. Accordingly, Plaintiff and Class members have been injured by Defendant's deceptive business practices.

## PLAINTIFF

8. Plaintiff is a citizen of the United States and the State of California, and he currently resides in San Joaquin County, California. In or around January 2026, Plaintiff purchased the Triple Chocolate Brownie N!CK'S light ice cream Product from a retailer in San Joaquin County, California. Based on the Product's No Added Sugar Representation, Plaintiff reasonably believed that the Product was free of added sugar. Had he known that the Product was not free of added sugar, he would not have purchased it, or would have paid significantly less for it.

9. Despite Defendant's misrepresentations, Plaintiff would purchase the Products, as advertised, if they were actually free of added sugar. Although Plaintiff regularly shops at various stores that carry the Products, absent an injunction of Defendant's deceptive advertising, he will be unable to rely with confidence on Defendant's advertising of the Products in the future. Furthermore, while Plaintiff currently believes that the Products are not free of added sugar, he lacks personal knowledge as to Defendant's specific business practices, and thus, he will not be able to determine whether the Products truly will accurately reflect their advertising. This leaves doubt in his mind as to the possibility that at some point in the future the Products could be made in accordance with the No Added Sugar Representation. This uncertainty, coupled with his desire to purchase the Products, is an ongoing injury that can and would be rectified by an injunction enjoining Defendant from making the alleged misleading representations. In addition, other Class members will continue to purchase the Products, reasonably but incorrectly, believing that the Products are free of added sugar.

## DEFENDANT

10. Defendant Luthman Backlund Foods USA Inc. is a Delaware corporation with its principal place of business in Manchester, New Hampshire. Upon information and belief, Defendant also maintains a California office at 214 Main Street, Suite 300, El Segundo, California. Defendant operates the N!CK'S brand, which sells no sugar added ice creams, protein bars, nut bars and candy bars, including the Products challenged in this Complaint. Defendant sells the Products throughout the United States and California, including in this District.

## FACTUAL ALLEGATIONS

11. Defendant is responsible for the formulation, manufacturing, marketing, labeling, advertising, distribution, and sale of N!CK'S branded products, which are sold in retail stores across the United States, as well as directly on Defendant's website and through third-party online retailers.

12. The full list of the Products at issue in this case is as follows: (1) Strawberry Swirl N!CK'S light ice cream; (2) Vanilla Bean N!CK'S light ice cream; (3) Brownie Cookie Dough N!CK'S light ice cream; (4) Mint Chocolate Chip N!CK'S light ice cream; (5) Peanut Butter Cup N!CK'S light ice cream; (6) Coffee Chocolate Chip N!CK'S light ice cream; (7) Cherry Chocolate N!CK'S light ice cream; (8) Peanut Caramel Crunch N!CK'S light ice cream; (9) Cookies & Cream N!CK'S light ice cream; (10) Birthday Cake N!CK'S light ice cream; (11) Chocolate Chip Cookie Dough N!CK'S light ice cream; (12) Chocolate N!CK'S light ice cream; (13) Sea Salt Caramel N!CK'S light ice cream; (14) Mango Strawberry N!CK'S light ice cream; (15) Cheesecake Brownie N!CK'S light ice cream; and (16) Triple Chocolate Brownie N!CK'S light ice cream (collectively, the "Products").

13. Defendant has prominently labeled each Product as containing "no added sugar" on the front label, representing to consumers that its Products are free of added sugar. A representative example is depicted below:




14. However, despite the No Added Sugar Representation, the Products are not free of added sugar. Instead, Defendant adds a substantial amount of sugar, in the form of allulose, to each of the Products during processing.

15. Indeed, Defendant specifically states the number of grams of allulose per pint on the back label of each Product as shown in the exemplary image below.[1]

---

[1] The Products contain the following amount of allulose per serving/per pint, respectively: Strawberry Swirl (6.7g/20g); Vanilla Bean (6.7g/20g); Brownie Cookie Dough (7.7g/23g); Mint Chocolate Chip (6.3g/19g); Peanut Butter Cup (6.7g/20g); Coffee Chocolate Chip (6.3g/19g); Cherry Chocolate (6.7g/20g); Peanut Caramel Crunch (6.7g/20g); Cookies & Cream (6.7g/20g); Birthday Cake (6.3g/19g); Chocolate Chip Cookie Dough (7.3g/22g); Chocolate (7g/21g); Sea Salt Caramel (6.7g/20g); Mango Strawberry (6.3g/19g); Cheesecake Brownie (7g/21g); and Triple Chocolate Brownie (7.3g/22g).




16. Allulose is a sugar, in both chemical composition and function.

17. *First*, allulose is a sugar in chemical composition. Allulose has the molecular formula $C_6H_{12}O_6$ and is the C-3 epimer of D-fructose, meaning that it shares fructose's molecular formula and differs only in the position of a single hydroxyl group.[2]

18. For this reason, allulose is a sugar under federal law, which defines sugars by chemical structure. Specifically, 21 C.F.R. § 101.9(c)(6)(ii) defines "Total Sugars" as "the sum of all free

[2] Han-Joo Maeng et al., *Metabolic Stability of D-Allulose in Biorelevant Media and Hepatocytes: Comparison with Fructose and Erythritol*, 8 Foods 448 (Oct. 1, 2019), https://doi.org/10.3390/foods8100448.

mono- and disaccharides (such as glucose, fructose, lactose, and sucrose).” Allulose is a free monosaccharide and therefore falls squarely within that definition.

19. That definition supplies the federal standard governing the very representation at issue. The No Added Sugar Representation is a nutrient content claim governed by 21 C.F.R. § 101.60(c)(2), which permits the terms “no added sugar,” “without added sugar,” and “no sugar added” only where, among other conditions, “[n]o amount of sugars, as defined in § 101.9(c)(6)(ii), or any other ingredient that contains sugars that functionally substitute for added sugars is added during processing or packaging.” 21 C.F.R. § 101.60(c)(2)(i).

20. The United States Food and Drug Administration (the “FDA”) has repeatedly confirmed that “[a]llulose is a monosaccharide.” FDA, *The Declaration of Allulose and Calories from Allulose on Nutrition and Supplement Facts Labels: Guidance for Industry* (the “Guidance”) § III.3 (Oct. 2020); *see also id.* § II (allulose “is a monosaccharide with a molecular formula of $C_6H_{12}O_6$”); *id.* § III.2 (same).

21. The FDA reached that classification deliberately. In its 2016 rulemaking, the FDA expressly declined to exclude allulose from the sugars declaration, determining that allulose, “as a monosaccharide, must be included in the amount of the declaration of [carbohydrate, sugars and/or added sugars] pending any future rulemaking.” 81 Fed. Reg. 33742, 33796 (May 27, 2016).

22. The Guidance did not disturb that determination. It announced only that the FDA “intend[s] to exercise enforcement discretion with respect to the exclusion of allulose from the amount of ‘Total Sugars’ and ‘Added Sugars’ declared on the label pending future rulemaking”—a statement of enforcement policy, not an interpretation of § 101.9(c)(6)(ii). Guidance § III.3. The FDA has not since undertaken that rulemaking, and its original definition therefore remains in force.

23. *Second*, allulose functions as a sugar. Allulose performs sugar’s technological functions in food, delivering bulk, mouthfeel, solubility, and browning comparable to conventional sugars, and it is added to foods and beverages as a partial replacement for sugars and high-fructose corn syrup.

24. Allulose is therefore a sugar, and the presence of allulose in the Products renders Defendant’s No Added Sugar Representation false and misleading.

25. Reasonable consumers, including Plaintiff, understand the No Added Sugar Representation to mean that the Products contain no added sugar. Because the Products in fact contain added sugar, the No Added Sugar Representation is likely to deceive, and did deceive, reasonable consumers.

26. The reasonable belief that the Products are free of added sugar was a significant factor in Plaintiff's and other Class members' decisions to purchase the Products. Thus, Defendant promises products that are free of added sugar, but provides consumers with products that contain sugar.

27. As the entity responsible for the development, labeling, manufacturing, advertising, distribution, and sale of the Products, Defendant knew or should have known that the Products' No Added Sugar Representation is false and misleading.

28. Defendant also knew or should have known that Plaintiff and other consumers, in purchasing the Products, would rely on Defendant's false and misleading representation. Nonetheless, Defendant deceptively advertises the Products in order to deceive consumers and gain an unfair advantage in the market.

29. Consumers are willing to pay more for the Products based on the belief that the Products are free of added sugar. Plaintiff and other consumers would have paid significantly less for the Products, or would not have purchased them at all, had they known the truth about them. Thus, through the use of misleading representations, Defendant commands a price that Plaintiff and the Class would not have paid had they been fully informed.

30. Therefore, Plaintiff and other consumers purchasing the Products have suffered injury in fact and lost money as a result of Defendant's false and deceptive practices, as described herein.

31. The Products' No Added Sugar Representation is also an unlawful nutrient content claim under federal law and California law.

32. Congress empowered the FDA to oversee and regulate food labeling by enacting the Federal Food, Drug, and Cosmetic Act, as amended by the Nutrition Labeling and Education Act, 21 U.S.C. §§ 301 *et seq.* FDA promulgated the relevant food-labeling regulations in 21 C.F.R. part 101.

33. FDA regulations distinguish mandatory or permitted declarations within the Nutrition Facts panel from nutrient-content claims appearing elsewhere on a label or in labeling. Information

appearing as part of the Nutrition Facts panel is not itself a nutrient-content claim. 21 C.F.R. § 101.13(c). By contrast, Defendant's separate No Added Sugar Representation expressly characterizes the level of added sugar in the Products and is thus a nutrient-content claim governed by 21 C.F.R. §§ 101.13(b) and 101.60(c)(2). Section 101.13(c) makes the distinction explicit: information required or permitted by § 101.9 to be declared in nutrition labeling is not a nutrient content claim where it "appears as part of the nutrition label," but "[i]f such information is declared elsewhere on the label or in labeling, it is a nutrient content claim."

34. Nutrient content claims are strictly forbidden unless specifically allowed under FDA regulations. 21 C.F.R. § 101.13(b) ("A claim that expressly or implicitly characterizes the level of a nutrient of the type required to be in nutrition labeling under § 101.9 or under § 101.36 (that is, a nutrient content claim) may not be made on the label or in labeling of foods unless the claim is made in accordance with this regulation and with the applicable regulations in subpart D . . . .").

35. Within Subpart D, section 101.60(c)(2) specifically governs "no added sugar" nutrient content claims and prohibits the use of terms such as "no added sugar," "without added sugar," or "no sugar added" unless the claim satisfies each of several requirements, including that "[n]o amount of sugars, as defined in § 101.9(c)(6)(ii), or any other ingredient that contains sugars that functionally substitute for added sugars is added during processing or packaging[.]" 21 C.F.R. § 101.60(c)(2)(i).

36. The Products do not comply with section 101.60(c)(2)(i) because allulose is a "sugar" as defined in § 101.9(c)(6)(ii), and Defendant adds allulose to each of the Products during processing, where it serves as a bulk sweetener in place of conventional sugar. Thus, the Products cannot lawfully bear the No Added Sugar Representation.

37. Because the Products' labels include deceptive and impermissible nutrient-content claims, the Products are "misbranded" under federal law. 21 U.S.C. § 343(a)(1), (r)(1)(A).

38. Plaintiff does not seek to enforce the FDCA directly. Instead, he seeks relief under independently enforceable state consumer-protection laws, including California's Sherman Food, Drug, and Cosmetic Law, Cal. Health & Safety Code § 109875 *et seq.* (the "Sherman Law"), which adopts food-labeling requirements identical to federal requirements. The federal provisions identify

the standards California has adopted and the conduct that renders the Products misbranded under California law.

39. The Sherman Law adopts federal food-labeling regulations as California regulations. Cal. Health & Safety Code § 110100(a); *see also id.* § 110670.

40. Defendant's marketing, advertising, distribution, and sale of the Products violate the Sherman Law's misbranding provisions, including:

(a) Section 110660 (a food is misbranded if its labeling is false or misleading in any particular);

(b) Section 110670 (a food is misbranded if its labeling does not conform with the requirements for nutrient content or health claims set forth in 21 U.S.C. § 343(r));

(c) Section 110760 (making it unlawful for any person to manufacture, sell, deliver, hold, or offer for sale any food that is misbranded);

(d) Section 110765 (making it unlawful for any person to misbrand any food); and

(e) Section 110770 (making it unlawful for any person to receive in commerce any food that is misbranded or to deliver or proffer for delivery any such food).

41. Defendant's marketing, advertising, distribution, and sale of the Products also violate the Sherman Law's false-advertising provisions, including:

(a) Sections 109885 and 110390 (defining "advertisement" to include representations on products and their packages, and prohibiting dissemination of food advertisements that are false or misleading in any particular);

(b) Section 110395 (making it unlawful to manufacture, sell, deliver, hold, or offer to sell any falsely or misleadingly advertised food); and

(c) Sections 110398 and 110400 (making it unlawful to advertise misbranded food or to deliver or proffer for delivery any food that has been falsely or misleadingly advertised).

42. Because the Products bear a nutrient-content claim (the No Added Sugar Representation) despite the fact that Defendant adds allulose (i.e., a sugar within the meaning of 21 C.F.R. § 101.9(c)(6)(ii)) to each Product during processing, in violation of 21 C.F.R. § 101.60(c)(2),

the Products are misbranded under California law, and Defendant's advertising, distribution, and sale of the Products are unlawful.

## PLAINTIFF LACKS AN ADEQUATE REMEDY AT LAW

43. Plaintiff pleads the equitable claims and remedies asserted in this Complaint, including restitution and injunctive relief, in the alternative to the legal claims and remedies asserted herein. Plaintiff and the Classes are entitled to do so because they lack an adequate remedy at law for the equitable relief sought. As to the restitution sought, the legal remedies available to Plaintiff and the Classes are inadequate because they are not equally prompt, certain, or efficient and require proof of elements and entitlement to relief different from those required for restitution. Accordingly, if Plaintiff or any Class member is unable to recover damages under the legal claims asserted herein, restitution may nevertheless be necessary to restore money wrongfully obtained by Defendant. As to injunctive relief, damages are retrospective and cannot redress the prospective injury alleged in paragraph 9 above. Only an injunction can remedy Plaintiff's continuing inability to rely on Defendant's labeling of the Products.

## CLASS ACTION ALLEGATIONS

44. Plaintiff brings this class action pursuant to Fed. R. Civ. P. 23 and all other applicable laws and rules, individually, and on behalf of all members of the following Classes:

> **Nationwide Class**
> All persons who purchased the Products in the United States within the applicable statute of limitations period ("Nationwide Class").
>
> **California Class**
> All residents of California who purchased the Products within the applicable statute of limitations period ("California Class").
>
> **California Consumer Subclass**
> All residents of California who purchased the Products for personal, family, or household purposes, within the applicable statute of limitations period ("California Consumer Subclass") (together with the Nationwide Class and the California Class, the "Classes").

45. Excluded from the Classes are the following individuals and/or entities: Defendant and its parents, subsidiaries, affiliates, officers and directors, current or former employees, and any entity in which Defendant has a controlling interest; all individuals who make a timely election to be

excluded from this proceeding using the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

46. Plaintiff reserves the right to modify or amend the definition of the proposed Classes and/or add subclasses before the Court determines whether class certification is appropriate.

47. Plaintiff is a member of all the Classes.

48. **Numerosity:** Members of each Class are so numerous and geographically dispersed that individual joinder of all Class members is impracticable. The precise number of Class members is unknown to Plaintiff but is likely to be ascertained from Defendant's records through its online marketplace, or through sales data obtained via third parties. At a minimum, there likely are tens of thousands of Class members.

49. **Commonality:** There are questions of law and fact common to the proposed Classes. Common questions of law and fact include, without limitation:

a. whether Defendant's course of conduct alleged herein violates the statutes and other laws that are pled in this Complaint;

b. whether reasonable consumers would rely upon Defendant's representations about the Products and reasonably believe the Products are free of added sugar;

c. whether Defendant knew or should have known its representations were false or misleading;

d. whether Defendant was unjustly enriched by retaining monies from the sale of the Products;

e. whether Defendant's conduct violates California's Sherman Law;

f. whether certification of each Class is appropriate under Rule 23;

g. whether Plaintiff and the members of each Class are entitled to declaratory, equitable, or injunctive relief, and/or other relief, and the scope of such relief; and

h. the amount and nature of the relief to be awarded to Plaintiff and the Classes, including whether Plaintiff and the Classes are entitled to punitive damages.

50. **Typicality:** Plaintiff's claims are typical of the other Class members because Plaintiff, as well as Class members, purchased the Products. Plaintiff and the members of the Classes relied on

the representations made by Defendant about the Products prior to purchasing the Products. Plaintiff and the members of each Class paid for Defendant's Products and would not have purchased them (or would have paid substantially less for them) had they known that Defendant's representations were untrue.

51. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the proposed Classes as his interests do not conflict with the interests of the members of the proposed Classes he seeks to represent, and he has retained counsel competent and experienced in class action litigation. Thus, the interests of the members of the Classes will be fairly and adequately protected by Plaintiff and his counsel.

52. **Predominance:** Pursuant to Rule 23(b)(3), the common issues of law and fact identified in this Complaint predominate over any other questions affecting only individual members of the Classes. Class issues fully predominate over any individual issue because no inquiry into individual conduct is necessary; all that is required is a narrow focus on Defendant's misconduct detailed at length in this Complaint.

53. **Superiority:** A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical. It would be unduly burdensome to have individual litigation of hundreds of thousands of individual claims in separate lawsuits, every one of which would present the issues presented in the Complaint. Further, because the damages suffered by any individual Class member may be relatively modest in relation to the cost of litigation, the expense and burden of individual litigation make it difficult, if not impossible, for individual Class members to obtain redress. Furthermore, many of the Class members may be unaware that claims exist against Defendant.

54. **Declaratory and Injunctive Relief:** Pursuant to Rule 23(b)(2), declaratory and injunctive relief is appropriate in this matter. Defendant has acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class members as a whole. Unless a class-wide injunction is issued, Defendant will continue to advertise, market, promote, and sell the Products in an unlawful and misleading manner, as described throughout this

Complaint, and members of the Classes will continue to be misled, harmed, and denied their rights under the law.

**FIRST CLAIM FOR RELIEF**
**Violation of California's Consumers Legal Remedies Act**
**California Civil Code §§ 1750, *et seq.***
**(*For the Nationwide Class, or in the alternative, the California Consumer Subclass*)**

55. Plaintiff repeats the allegations contained in paragraphs 1-54 above as if fully set forth herein.

56. Plaintiff brings this claim himself and on behalf of the members of the proposed Nationwide Class, or in the alternative, the California Consumer Subclass, against Defendant pursuant to California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*

57. The Products are "goods" within the meaning of Cal. Civ. Code § 1761(a), and the purchases of the Products by Plaintiff and members of the Nationwide Class, or in the alternative, the California Consumer Subclass, constitute "transactions" within the meaning of Cal. Civ. Code § 1761(e).

58. Cal. Civ. Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have . . . ." By representing the Products with the No Added Sugar Representation, Defendant has represented and continues to represent that the Products have characteristics (i.e., that they are free of added sugar) that they do not have. Therefore, Defendant has violated section 1770(a)(5) of the CLRA.

59. Cal. Civ. Code § 1770(a)(7) prohibits "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." By representing the Products with the No Added Sugar Representation, Defendant has represented and continues to represent that the Products are of a particular standard (i.e., that they are free of added sugar) when they are not of that standard. Therefore, Defendant has violated section 1770(a)(7) of the CLRA.

60. Cal. Civ. Code § 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised." By advertising the Products with the No Added Sugar Representation,

Defendant has advertised the Products with characteristics it intended not to provide to consumers. As such, Defendant has violated section 1770(a)(9) of the CLRA.

61. At all relevant times, Defendant has known or reasonably should have known that the Products' No Added Sugar Representation is false and misleading, and that Plaintiff and other members of the Nationwide Class, or in the alternative, the California Consumer Subclass, would reasonably and justifiably rely on the No Added Sugar Representation when purchasing the Products. Nonetheless, Defendant deceptively advertises the Products as such in order to deceive consumers into believing that the Products are free of added sugar, when they are not.

62. Plaintiff and members of the Nationwide Class, or in the alternative, the California Consumer Subclass, have justifiably relied on Defendant's misleading representations when purchasing the Products. Moreover, based on the materiality of Defendant's misleading and deceptive conduct, reliance may be presumed or inferred for Plaintiff and members of the Nationwide Class, or in the alternative, the California Consumer Subclass.

63. Plaintiff and members of the Nationwide Class, or in the alternative, the California Consumer Subclass, have suffered and continue to suffer injuries caused by Defendant because they would have paid significantly less for the Products, or would not have purchased them at all, had they known that the Products are not free of added sugar.

64. Under Cal. Civ. Code § 1782, on or around September 9, 2026, counsel for Plaintiff mailed a notice and demand letter by certified mail to Defendant, outlining that Defendant has violated the CLRA for the reasons described herein. If within 30 days of receipt, Defendant does not agree to rectify the problems identified herein, Plaintiff will amend this Complaint to seek damages pursuant to Cal. Civ. Code § 1780 on behalf of himself and the members of the Nationwide Class, or in the alternative, the California Consumer Subclass.

65. In accordance with Cal. Civ. Code § 1780(d), Plaintiff is filing a declaration of venue, attached hereto as Exhibit A to this Complaint.

**SECOND CLAIM FOR RELIEF**
**Violation of California's False Advertising Law**
**California Business & Professions Code §§ 17500, *et seq.***
***(For the Nationwide Class, or in the alternative, the California Class)***

66. Plaintiff repeats the allegations contained in paragraphs 1-54 above as if fully set forth herein.

67. Plaintiff brings this claim himself and on behalf of the members of the proposed Nationwide Class, or in the alternative, the California Class, against Defendant pursuant to California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq.*

68. The FAL makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public . . . in any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement, concerning . . . personal property or services professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

69. Defendant has represented and continues to represent to the public, including Plaintiff and members of the proposed Nationwide Class, or in the alternative, the California Class, through its deceptive advertising, that the Products are free of added sugar when they are not. Because Defendant has disseminated misleading information regarding the Products, and Defendant knows, knew, or should have known through the exercise of reasonable care that the representations were and continue to be misleading, Defendant has violated the FAL.

70. As a result of Defendant's false advertising, Defendant has and continues to unlawfully obtain money from Plaintiff and members of the Nationwide Class, or in the alternative, the California Class. Plaintiff therefore requests that the Court cause Defendant to restore this fraudulently obtained money to him and members of the proposed Nationwide Class, or in the alternative, the California Class, to disgorge the profits Defendant made on these transactions, and to enjoin Defendant from violating the FAL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff and members of the proposed Nationwide Class, or in the alternative, the California Class, may be irreparably harmed and/or denied an effective and complete remedy.

**THIRD CLAIM FOR RELIEF**
**Violation of California's Unfair Competition Law**
**California Business & Professions Code §§ 17200, *et seq.***
***(For the Nationwide Class, or in the alternative, the California Class)***

71. Plaintiff repeats the allegations contained in paragraphs 1-54 above as if fully set forth herein.

72. Plaintiff brings this claim himself and on behalf of the members of the proposed Nationwide Class, or in the alternative, the California Class, against Defendant pursuant to California Business & Professions Code § 17200 ("UCL").

73. The UCL, Cal. Bus. & Prof. Code § 17200, provides, in pertinent part, that "unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising . . . ."

74. Under the UCL, a business act or practice is "unlawful" if it violates any established state or federal law. Defendant's false and misleading advertising of the Products was and continues to be "unlawful" because it violates the CLRA, the FAL, the Sherman Law, and other applicable laws as described herein. As a result of Defendant's unlawful business acts and practices, Defendant has unlawfully obtained money from Plaintiff and members of the proposed Nationwide Class, or in the alternative, the California Class.

75. Under the UCL, a business act or practice is "unfair" if the conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the benefits for committing such acts or practices are outweighed by the gravity of the harm to the alleged victims. Defendant's conduct was and continues to be of no benefit to purchasers of the Products, as it is misleading, unfair, unlawful, and is injurious to consumers who rely on the Products' advertising. Deceiving consumers into believing they will receive Products that are free of added sugar, but failing to provide the Products as advertised, is of no benefit to consumers. Therefore, Defendant's conduct was and continues to be "unfair." As a result of Defendant's unfair business acts and practices, Defendant has and continues to unfairly obtain money from Plaintiff and members of the proposed Nationwide Class, or in the alternative, the California Class.

76. Under the UCL, a business act or practice is "fraudulent" if it actually deceives or is likely to deceive members of the consuming public. Defendant's conduct here was and continues to be fraudulent because, due to the Products' No Added Sugar Representation, the Products have the effect of deceiving consumers into believing they will receive products that are free of added sugar when the Products are not manufactured as such. Because Defendant misled Plaintiff and members of the Nationwide Class, or in the alternative, the California Class, Defendant's conduct was "fraudulent." As a result of Defendant's fraudulent business acts and practices, Defendant has and continues to fraudulently obtain money from Plaintiff and members of the Nationwide Class, or in the alternative, the California Class.

77. Plaintiff requests that the Court cause Defendant to restore this unlawfully, unfairly, and fraudulently obtained money to him, and members of the proposed Nationwide Class, or in the alternative, the California Class, to disgorge the profits Defendant made on these transactions, and to enjoin Defendant from violating the UCL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff and members of the proposed Nationwide Class, or in the alternative, the California Class, may be irreparably harmed and/or denied an effective and complete remedy.

## FOURTH CLAIM FOR RELIEF
**Breach of Express Warranty**
**Cal. Com. Code § 2313**
***(For the California Class)***

78. Plaintiff repeats the allegations contained in paragraphs 1-54 above as if fully set forth herein.

79. Plaintiff brings this claim himself and on behalf of the members of the California Class against Defendant for breach of express warranty under Cal. Com. Code § 2313.

80. California's express warranty statute provides that "(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise," and "(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." Cal. Com. Code § 2313.

81. Plaintiff and members of the California Class formed a contract with Defendant at the time they purchased the Products. As part of those contracts, Defendant labeled and marketed the Products as containing "no added sugar," representing that the Products are free of added sugar.

82. The Products' No Added Sugar Representation: (a) is an affirmation of fact or promise made by Defendant to consumers that the Products are free of added sugar; (b) became part of the basis of the bargain to purchase the Products when Plaintiff and other consumers relied on the representation; and (c) created an express warranty that the Products would conform to the affirmation of fact or promise. In the alternative, the representation about the Products is a description of goods that was made as part of the basis of the bargain to purchase the Products, and which created an express warranty that the Products would conform to the product description.

83. Plaintiff and members of the California Class reasonably and justifiably relied on the foregoing express warranties, believing that the Products did in fact conform to those warranties.

84. Defendant has breached the express warranties made to Plaintiff and members of the California Class by failing to provide the Products in accordance with the No Added Sugar Representation.

85. Plaintiff and members of the California Class paid a premium price for the Products but did not obtain the full value of the Products as represented. If Plaintiff and members of the California Class had known of the true nature of the Products, they would not have been willing to pay the premium price associated with them. As a result, Plaintiff and members of the California Class suffered injury and deserve to recover all damages afforded under the law.

86. Plaintiff and the other California Class members notified Defendant of the breaches of its express warranties within a reasonable time and/or were not required to do so. Indeed, Plaintiff sent a notice letter to Defendant regarding its breaches on or around September 11, 2026. Defendant was also on notice of its breaches from other sources, including the FDA's guidance cited *supra*.

**FIFTH CLAIM FOR RELIEF**
**Breach of Implied Warranty**
**Cal. Com. Code § 2314**
***(For the California Class)***

87. Plaintiff repeats the allegations contained in paragraphs 1-54 above as if fully set forth herein.

88. Plaintiff brings this claim himself and on behalf of the members of the California Class against Defendant for breach of implied warranty under Cal. Com. Code § 2314.

89. California's implied warranty of merchantability statute provides that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." Cal. Com. Code § 2314(1).

90. California's implied warranty of merchantability statute also provides that "[g]oods to be merchantable must be at least such as . . . (f) conform to the promises or affirmations of fact made on the container or label if any." Cal. Com. Code § 2314(2)(f).

91. Defendant is a merchant with respect to the sale of the Products. Therefore, a warranty of merchantability is implied in every contract for sale of the Products to California consumers.

92. By advertising the Products with the No Added Sugar Representation, Defendant made an implied promise in the Products' labeling that the Products are free of added sugar. The Products, however, have not conformed to these promises because the Products contain added sugar in the form of allulose. Plaintiff, as well as other California consumers, did not receive the goods as impliedly warranted by Defendant to be merchantable. Therefore, the Products are not merchantable under California law and Defendant has breached its implied warranty of merchantability in regard to the Products.

93. If Plaintiff and members of the California Class had known that the Products' No Added Sugar Representation was false and misleading, they would not have been willing to pay the premium price associated with them. Therefore, as a direct and/or indirect result of Defendant's breach, Plaintiff and members of the California Class have suffered injury and deserve to recover all damages afforded under the law.

94. Plaintiff and the other California Class members notified Defendant of the breaches of its implied warranties within a reasonable time and/or were not required to do so. Indeed, Plaintiff sent a notice letter to Defendant regarding its breaches on or around September 11, 2026. Defendant was also on notice of its breaches from other sources, including the FDA's guidance cited *supra*.

**SIXTH CLAIM FOR RELIEF**
**Quasi Contract/Unjust Enrichment/Restitution**
**(*For the Nationwide Class, or in the alternative, the California Class*)**

95. Plaintiff repeats the allegations contained in paragraphs 1-54 above as if fully set forth herein.

96. Plaintiff brings this claim himself and on behalf of the members of the proposed Nationwide Class, or in the alternative, the California Class, against Defendant for unjust enrichment.

97. As alleged herein, Defendant has intentionally and recklessly made misleading representations to Plaintiff and members of the Nationwide Class, or in the alternative, the California Class, to induce them to purchase the Products. Plaintiff and members of the Nationwide Class, or in the alternative, the California Class, have reasonably relied on the misleading representations and have not received all of the benefits (i.e., Products that are free of added sugar) promised by Defendant through the Products' No Added Sugar Representation. Plaintiff and members of the proposed Nationwide Class, or in the alternative, the California Class, have therefore been induced by Defendant's misleading and deceptive representations about the Products, and paid more money to Defendant for the Products than they otherwise would and/or should have paid.

98. Plaintiff and members of the proposed Nationwide Class, or in the alternative, the California Class, have conferred a benefit upon Defendant as Defendant has retained monies paid to it by Plaintiff and members of the proposed Nationwide Class, or in the alternative, the California Class.

99. The monies received were obtained under circumstances that were at the expense of Plaintiff and members of the proposed Nationwide Class, or in the alternative, the California Class—i.e., Plaintiff and members of the proposed Nationwide Class, or in the alternative, the California Class, did not receive the full value of the benefit conferred upon Defendant. Therefore, it is inequitable and unjust for Defendant to retain the profit, benefit, or compensation conferred upon it.

100. As a direct and proximate result of Defendant's unjust enrichment, Plaintiff and members of the proposed Nationwide Class, or in the alternative, the California Class, are entitled to restitution, disgorgement, and/or the imposition of a constructive trust upon all profits, benefits, and other compensation obtained by Defendant from its deceptive, misleading, and unlawful conduct as alleged herein.

**SEVENTH CLAIM FOR RELIEF**
**Common Law Fraud**
**(*For the California Class*)**

101. Plaintiff repeats the allegations contained in paragraphs 1-54 above as if fully set forth herein.

102. Plaintiff brings this claim himself and on behalf of the members of the proposed California Class against Defendant for common law fraud.

103. Defendant has willfully, falsely, and knowingly misrepresented the Products through the Products' No Added Sugar Representation, as it knew that the Products were not free of added sugar.

104. Defendant has therefore made knowing, fraudulent misrepresentations as to the Products.

105. Defendant's misrepresentations were material (i.e., they affected Plaintiff's and California Class members' purchasing decisions given their importance), and were central to the Products' functionality because the Products are advertised as free of added sugar, but in fact contain added sugar in the form of allulose.

106. Defendant knew or recklessly disregarded the fact that the Products' No Added Sugar Representation was false and deceptive.

107. Defendant intended that Plaintiff and members of the California Class rely on the Products' advertising, because, if they had known the truth that the Products' No Added Sugar Representation was false and misleading, they would have paid less for the Products or would not have purchased them at all.

108. Plaintiff and members of the California Class have reasonably and justifiably relied on Defendant's misrepresentations when purchasing the Products, and if Plaintiff and members of the

California Class had known the truth about the Products, they would not have paid monies for the Products or would have paid less monies for the Products.

109. For these reasons, Plaintiff and members of the California Class have suffered monetary losses, including interest they would have accrued on these monies, as a direct and proximate result of Defendant's fraudulent conduct.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, himself and on behalf of the proposed Classes, respectfully prays for the following relief:

A. Certification of this case as a class action on behalf of the proposed Classes defined above, appointment of Plaintiff as Class representative, and appointment of his counsel as Class counsel;

B. A declaration that Defendant's actions, as described herein, violate the statutes and laws described herein;

C. An award of injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the proposed Classes, including, inter alia, an order prohibiting Defendant from engaging in the unlawful acts described above;

D. An award to Plaintiff and the proposed Classes of restitution and/or other equitable relief, including, without limitation, restitutionary disgorgement of all profits and unjust enrichment that Defendant obtained from Plaintiff and the proposed Classes as a result of its unlawful, unfair and fraudulent business practices described herein;

E. An award of all economic, monetary, actual, consequential, and compensatory damages caused by Defendant's conduct;

F. An award of nominal, punitive, and statutory damages;

G. An award to Plaintiff and his counsel of reasonable expenses and attorneys' fees;

H. An award to Plaintiff and the proposed Classes of pre- and post-judgment interest, to the extent allowable; and

I. For such further relief that the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of himself and the proposed Classes, hereby demands a jury trial with respect to all issues triable of right by jury.

Dated: September 11, 2026

**SHAMIS & GENTILE, P.A.**

By: */s/ Katherine S. Phillips*
Katherine S. Phillips (SBN: 354048)
1925 Century Park East, Ste. 1700
Los Angeles, CA 90067
Telephone: (305) 479-2299
kphillips@shamisgentile.com

**EDELSBERG LAW, P.A.**
Scott A. Edelsberg (SBN: 330090)
Gabriel Mandler**
1925 Century Park East, Ste. 1700
Los Angeles, CA 90067
Telephone: (305) 975-3320
scott@edelsberglaw.com
gabriel@edelsberglaw.com

***pro hac vice application forthcoming*

*Attorneys for Plaintiff Victor Avalos and the Putative Classes*